United States District Court
Southern District of Texas
**ENTERED**
September 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATEA DOMINGUEZ VENANCIO, | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-3836 |
| WAL-MART STORES TEXAS, LLC, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Matea Dominguez Venancio alleges that she was injured when she slipped and fell on rainwater that had soaked into and seeped from a floor mat near the entrance of a Houston Wal-Mart on March 26, 2023. (Docket Entry No. 1-2; Docket No. 22 at 4). Venancio sued Wal-Mart in Texas state court, asserting premises liability and gross negligence claims.[1] (Docket Entry No. 1-2 at 4–5). Wal-Mart timely removed and has moved for summary judgment. (Docket Entry Nos. 1, 20).

The parties agree that Venancio fell on a rainy day. (*See* Docket Entry Nos. 20, 22). Wal-Mart primarily argues that under Texas law, Venancio's claim for premises liability fails because the record does not support an inference that Wal-Mart had actual or constructive knowledge that

---

[1] In its motion for summary judgment, Wal-Mart argues that Venancio asserts premises liability, negligence, and gross negligence claims. (Docket Entry No. 20 at 4–6). In her response, Venancio only asserts premises liability and gross negligence claims. (Docket Entry No. 22 at 2, 11). Venancio's slip-and-fall allegation is a classic presentation of a premises liability claim, not a negligent activity claim, and so she would not have been able to pursue a claim for negligent activity had she continued to try to do so. *See, e.g., Rooney v. Costco Wholesale Corp.*, No. 4:19-cv-04536, 2021 WL 5155677, at *2 (S.D. Tex. June 4, 2021) (concluding, in a slip-and-fall case, that the plaintiff's allegations that the defendant failed to make the property safe "are claims of nonfeasance and allow for recovery only under a liability theory of premises liability, not negligent conduct").

water had accumulated on the sides of the floor mat, and that Wal-Mart had taken reasonable measures to make the premises safe by mopping and by placing a safety cone near the entrance. (Docket Entry No. 20 at 9–17). In response, Venancio argues that the last mopping was done so long before she fell that water had re-accumulated and that shopping carts obstructed her view of the safety cone. (Docket Entry No. 22 at 2–10).

Based on the pleadings, the motion for summary judgment, the record—which includes video evidence and an expert's testimony—and the applicable law, the court grants in part and denies in part Wal-Mart's motion. The reasons are set out below.

## I.   The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022)

(alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**II.     Analysis**

Because this court's jurisdiction is based on diversity, state law applies. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). Wal-Mart argues that Texas law does not permit premises liability and gross negligence claims on the facts presented in the summary judgment record. (Docket Entry No. 20). Venancio argues that there are genuine factual disputes material to determining the premises liability claim and that it would be premature to rule on the gross negligence claim. (Docket Entry No. 22).

### A. Premises Liability

Venancio alleges that she was injured by a dangerous condition—accumulated water—on the floor at the Wal-Mart. (Docket Entry No. 1-2 at 3). "Under Texas law, 'a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances.'" *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

Wal-Mart's motion primarily concerns the first element, knowledge. A plaintiff may satisfy this element by pointing to evidence showing that: "(1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) 'it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'" *Id.* (quoting *McCarty*, 864 F.3d at 358). The summary judgment record does not support an inference that Wal-Mart caused the water seepage from the soaked mat at the front entrance to the store. Wal-Mart had actual knowledge that water was seeping from the soaked mat as late as 12:36 p.m., when a Wal-Mart employee last mopped the area where Venancio slipped and fell. (Docket Entry No. 20-2 at 12:36:00). Actual knowledge is also shown by the fact that Wal-Mart placed a warning cone in the area.

4

The question is whether Wal-Mart had at least constructive notice that water was continuing to seep from the mat after the employee last mopped the entrance. An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68. The condition must have "existed for some length of time." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. Some temporal evidence is required for a premises-liability plaintiff to defeat a motion for summary judgment. *Id.* at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."). "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

To comply with the time-notice rule and establish constructive notice, Venancio relies on video surveillance footage showing the front entrance area during the hour before she fell. The video shows that a Wal-Mart employee last mopped the area at approximately 12:36 p.m. (Docket Entry. No. 20-2 at 12:36:00). Wal-Mart had this area repeatedly mopped between 12:12 p.m. and

5

12:36 p.m. as part of its effort to make the area safe on a rainy day. (*See, e.g.*, Docket Entry No. 20-2 at 12:12:01, 12:14:03, 12:19:12, 12:24:10, 12:30:12, 12:34:12, 12:36:00; Docket Entry No. 20 at 16). An employee also walked by with a mop—without mopping the area in which Venancio fell—at approximately 12:37 p.m. (*Id.* at 12:36:55). Less than ten minutes after the employee last mopped at 12:36 p.m., the water had visibly begun to reaccumulate. (*Id.* at 12:46:22) (showing visible water streaks on the floor by the mat). No employee came to mop then or during the next 25 minutes, when it continued to drizzle outside. (*Id.* at 12:46:22 to 1:12:38). Venancio fell at 1:12 p.m., a little more than 35 minutes after mopping had last occurred. (*Id.* at 1:12:38).

Viewed in the light most favorable to the non-moving party, this information supports an inference that Wal-Mart knew that water was going to re-accumulate on the sides of the already-soaked mats as long as it continued to rain outside, and that Wal-Mart had sufficient opportunity to discover that the water had re-accumulated before Venancio fell. *See City of Fort Worth v. Posey*, 593 S.W.3d 924, 932 (Tex. App.—Fort Worth 2020, no pet.) (premises owner's employees' "regular proximity to the condition gave them ample opportunity to discover any hazard it posed"); *Spates*, 186 S.W.3d at 568 (observing that, with respect to an inconspicuous hazard present for potentially less than a minute, "[h]ad there been evidence [the hazard] had been on the floor for an extended period of time, reasonable jurors might assume that the employee [near the hazard] should have seen it"). There are genuine factual disputes material to determining whether Wal-Mart had at least constructive notice of the accumulated water.

Wal-Mart also argues that, even assuming it had constructive notice, Venancio's claims fail as a matter of law on other grounds. First, Wal-Mart argues that there is no evidence of an unreasonable risk of harm because water tracked into an entrance area is a common and naturally occurring condition on rainy days. (Docket Entry No. 20 at 12). But the video evidence

demonstrates that water was seeping from the floor mat, not that Venancio slipped on a naturally forming puddle.  "When human intervention causes or contributes to the accumulation—such as when water or ice is tracked inside by customers or employees—the accumulation is considered 'unnatural' and may pose an unreasonable risk of harm."  See Duron v. Costco Wholesale Corp., 773 F. Supp. 3d 324, 344 (W.D. Tex. 2025).  On the present record, the issue of unreasonable risk must go to the jury.

Next, Wal-Mart argues that because Venancio knew it was raining, the condition was "open and obvious."  (Docket Entry No. 20 at 14).  "[W]here a dangerous condition is open and obvious, the landowner is not in a better position to discover it, and thus owes no duty to invitees."  Oliver v. Wal-Mart Stores Tex., LLC, 748 F. Supp. 3d 433, 436 (N.D. Tex. 2024).  A condition is only open and obvious "when the evidence 'conclusively establishes' that, under the totality of the circumstances, a reasonably prudent invitee would have knowledge and a full appreciation of the nature and extent of the danger.'"  Id. (quoting Los Compadres Pescadores, LLC v. Valdez, 622 S.W.3d 771, 778–89 (Tex. 2021)).  Here, the water was clear and the video evidence shows that the mat may have concealed the fact that the floor next to the mat edge would be wet and slippery.  There is a genuine factual dispute material to determining whether a reasonably prudent invitee would have known that the water had accumulated on the floor next to the mat.  The only way Venancio and other customers could enter the store was through the front door where the water had accumulated; Wal-Mart had a duty to make that area safe.  See Duron, 773 F. Supp. at 348.

Finally, Wal-Mart argues that even if it had a duty to make the entrance safe or to warn others, it took reasonable steps to do so by putting down the floor mat, mopping the floor at intervals, and placing a safety cone in the area, all before Venancio's fall.  (Docket Entry No. 20

at 16). As detailed above, however, Wal-Mart employees failed to mop the floor for at least 35 minutes before Venancio fell. Additionally, Venancio presented summary judgment evidence showing that shopping carts obstructed the view of the warning cone. (Docket Entry No. 22-2 at 1:12:39; Docket Entry No. 22-4 at 6). There is a factual dispute material to determining whether Wal-Mart took reasonable steps in response to the hazard created by the accumulated water on the floor.

The court finds that the video evidence, and the inferences it supports, create genuine factual disputes material to determining, among other things, whether Wal-Mart had constructive notice that water had accumulated around the floor mat near the front entrance and whether Wal-Mart's steps to warn were reasonable. The court denies Wal-Mart's motion for summary judgment as to Venancio's premises liability claim.

### B. Gross Negligence

Venancio also asserts a gross negligence claim. (Docket Entry No. 1-2 at 6). "To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim *and* demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others.'" *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014) (quoting *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006)). "Gross negligence's 'extreme risk' element requires more than 'a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff.'" *Cica v. Wal-Mart Stores Tex. LLC*, 3:21-cv-308, 2023 WL 2499924, at *3 (S.D. Tex. Jan. 23, 2023) (quoting *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014)).

"A corporation can be held liable for gross negligence only if the corporation itself commits gross negligence." *Oliver*, 748 F. Supp. 3d at 439 (quoting *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)). "Because a corporation can only act via its agents, it is liable for gross negligence only if it (1) authorizes or ratifies an agent's gross negligence, (2) is grossly negligent in hiring an unfit agent, or (3) commits gross negligence through the actions of a vice principal." *Id.* (quoting *Mobil Oil Corp.*, 968 S.W.2d at 921–22). Gross negligence must be demonstrated by "clear and convincing evidence." *See Duron*, 773 F. Supp. 3d at 350.

Venancio has not met her burden of demonstrating that there is a genuine factual dispute material to determining whether Wal-Mart was grossly negligent. Even if letting water pool on the floor could be considered an "extreme" act—which it is not—there is evidence that Wal-Mart took some steps to address it by having the area mopped at relatively frequent intervals and placing a safety cone near the entrance. *See Flores v. Cheddar's Casual Café, Inc.*, No. B-14-68, 2015 WL 12748639, at *1 (S.D. Tex. July 17, 2025) (concluding that the plaintiff had not uncovered evidence of gross negligence because "the evidence, even viewed in the light most favorable to the Plaintiffs, shows a company that has endeavored to fix a situation, perhaps not successfully, so as to avoid endangering people"). Additionally, Venancio has not presented competent summary judgment evidence that Wal-Mart itself acted with gross negligence. *See Duron*, 773 F. Supp. 3d at 350 (granting summary judgment to defendants on a gross negligence claim involving a slip-and-fall near a store entrance because there was no competent evidence that Costco itself acted with gross negligence). Wal-Mart is entitled to summary judgment on Venancio's gross negligence claim.

**III.     Conclusion**

The court denies Wal-Mart's motion for summary judgment, (Docket Entry No. 20), as to Venancio's premises liability claim and grants the motion as to the gross negligence claim.

SIGNED on September 22, 2025, at Houston, Texas.

                                                                     _____
                                                                                    Lee H. Rosenthal
                                                                         Senior United States District Judge